WARREN METLITZKY (CA Bar No. 220758)
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 343-7100
Fax: (415) 343-7101
Email: wmetlitzky@conmetkane.com

Timothy B. Hardwicke (*pro hac vice* forthcoming) (IL Bar No. 6201352)
Kathryn L. Couey (*pro hac vice* forthcoming) (IL Bar No. 6308798)
Glenna E. Siegel (*pro hac vice* forthcoming) (IL Bar No. 6342768)
**GOODSMITH GREGG & UNRUH LLP**
150 S. Wacker Drive, Suite 3150
Chicago, IL 60606
Tel: (312) 322-1980
Fax: (312) 322-0056
thardwicke@ggulaw.com
kcouey@ggulaw.com
gsiegel@ggulaw.com

*Attorneys for Defendant Vegas.com, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MATTHEW NIXON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VEGAS.COM, LLC, a Nevada Limited Liability Company,<br><br>Defendant. | CASE NO. 3:26-CV-02213-CRB<br><br>**ANSWER TO CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANT VEGAS.COM, LLC** |

NOW COMES Defendant Vegas.com, LLC ("VDC"), by and through counsel, and states as follows for its Answer and Affirmative Defenses to the Class Action Complaint ("CAC") filed by Plaintiff Matthew Nixon ("Nixon" or "Plaintiff").

1. VDC admits only that Mr. Nixon, individually and on behalf of a purported class of California consumers, purports to bring this action against Vegas.com LLC ("VDC" or "Defendant") pursuant to the False Advertising Law ("FAL"), Cal. Civ. Code §§ 1750 *et seq.*, and the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, seeking equitable relief and attorneys' fees and costs. VDC denies it has engaged in any improper or unlawful conduct and further denies it is engaged in wrongdoing of any kind. VDC denies that the claims in the CAC are appropriate for class treatment and further denies that Mr. Nixon or members of the purported class are entitled to any relief of any kind. Except as expressly admitted, VDC denies any and all remaining allegations in Paragraph 1 of the CAC.

2. VDC admits that it makes available for purchase hotel rooms, air + hotel packages, show tickets, sports tickets, tours, attractions, and access to clubs in Las Vegas and other destinations, on Vegas.com. Except as expressly admitted, VDC denies any and all remaining allegations in Paragraph 2 of the CAC and its associated footnote.

3. VDC states that the allegations in the last sentence in Paragraph 3 of the CAC and its associated footnote purport to describe a written document that speaks for itself. To the extent the allegations in the last sentence in Paragraph 3 of the CAC and its associated footnote seek to quote, paraphrase, or characterize that written document, VDC denies the allegations to the extent they are inconsistent with that written document. VDC denies any and all remaining allegations in Paragraph 3 of the CAC and its associated footnote.

4. VDC states that the allegations in Paragraph 4 of the CAC purport to quote and describe written documents that speak for themselves. To the extent the allegations in Paragraph 4 of the CAC seek to quote, paraphrase, or characterize those written documents, VDC denies the allegations to the extent they are inconsistent with those written documents. VDC denies any and all remaining allegations in Paragraph 4 of the CAC.

5. VDC states that the allegations in Paragraph 5 of the CAC purport to quote and describe a written document that speaks for itself. To the extent the allegations in Paragraph 5 of the CAC seek to quote, paraphrase, or characterize that written document, VDC denies the allegations to the extent

they are inconsistent with that written document. VDC denies any and all remaining allegations in Paragraph 5 of the CAC.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. VDC admits only that Plaintiff Matthew Nixon purchased a hotel stay through Vegas.com on or about March 31, 2023. VDC denies any and all remaining allegations in Paragraph 10 of the CAC for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

11. VDC admits the allegations in the first sentence in Paragraph 11 of the CAC. VDC states that the allegations in the last sentence in Paragraph 11 of the CAC state a conclusion of law to which no response is required. To the extent a response is required, VDC denies the allegations in the last sentence in Paragraph 11 of the CAC. Except as expressly admitted, VDC denies any and all remaining allegations in Paragraph 11 of the CAC.

12. VDC states that the allegations in Paragraph 12 of the CAC state conclusions of law to which no response is required. To the extent a response is required, VDC denies the allegations in Paragraph 12 of the CAC. VDC denies any and all remaining allegations in Paragraph 12 of the CAC.

13. VDC states that the allegations in Paragraph 13 of the CAC state conclusions of law to which no response is required. To the extent a response is required, VDC denies the allegations in Paragraph 13 of the CAC. VDC denies any and all remaining allegations in Paragraph 13 of the CAC.

14. VDC admits only that consumers in Alameda County are able to purchase reservations on Vegas.com. VDC states that the allegations in the first sentence in Paragraph 14 of the CAC state conclusions of law to which no response is required. To the extent a response is required, VDC denies the allegations in the first sentence in Paragraph 14 of the CAC. Except as expressly admitted, VDC denies any and all remaining allegations in Paragraph 14 of the CAC.

15. VDC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the CAC relating to the FTC and the White House Counsel of Economic Advisors and they are therefore denied. VDC also is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the CAC relating to purported conduct by unidentified "Companies" and they are therefore denied. VDC denies any and all remaining allegations in Paragraph 15 of the CAC.

16. VDC states that the allegations in Paragraph 16 of the CAC and its associated footnote purport to quote and describe a written document that speaks for itself. To the extent the allegations in Paragraph 16 of the CAC and its associated footnote seek to quote, paraphrase, or characterize that written document, VDC denies the allegations to the extent they are inconsistent with that written document. VDC denies any and all remaining allegations in Paragraph 16 of the CAC and its associated footnote.

17. VDC states that the allegations in the first sentence in Paragraph 17 of the CAC state a conclusion of law to which no response is required. To the extent a response is required, VDC denies the allegations in the first sentence in Paragraph 17 of the CAC. VDC states that the allegations in the second sentence in Paragraph 17 of the CAC purport to quote and describe written documents that speak for themselves. To the extent the allegations in the second sentence in Paragraph 17 of the CAC seek to quote, paraphrase, or characterize those written documents, VDC denies the allegations to the extent they are inconsistent with those written documents. VDC denies any and all remaining allegations in the second sentence in Paragraph 17 of the CAC. VDC denies any and all remaining allegations in Paragraph 17 of the CAC.

18. VDC states that the allegations in Paragraph 18 of the CAC state conclusions of law to which no response is required. To the extent a response is required, VDC denies the allegations in Paragraph 18 of the CAC. VDC denies any and all remaining allegations in Paragraph 18 of the CAC.

19. VDC states that the allegations in Paragraph 19 of the CAC purport to describe written documents that speak for themselves. To the extent the allegations in Paragraph 19 of the CAC seek to quote, paraphrase, or characterize those written documents, VDC denies the allegations to the extent they are inconsistent with those written documents. VDC denies any and all remaining allegations in Paragraph 19 of the CAC.

20. VDC admits that VDC owns and operates Vegas.com, an online platform that makes available for purchase hotel stays, show tickets, tour packages, and sporting event admissions—primarily in

Las Vegas, Nevada. VDC further admits that its platform is available to consumers across the United States, including California residents. Except as expressly admitted, VDC denies any and all remaining allegations in Paragraph 20 of the CAC.

21. VDC denies the allegations in the first two sentences in Paragraph 21 of the CAC. After reasonable investigation, VDC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21 of the CAC and they are therefore denied. VDC denies any and all remaining allegations in Paragraph 21 of the CAC.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. VDC admits only that it changed certain pricing practices in or around the middle of May 2025. Except as expressly admitted, VDC states that the remaining allegations in Paragraph 26 of the CAC purport to quote and describe a written document that speaks for itself. To the extent the allegations in Paragraph 26 of the CAC seek to quote, paraphrase, or characterize that written document, VDC denies the allegations to the extent they are inconsistent with that written document. Except as expressly admitted, VDC denies any and all remaining allegations in Paragraph 26 of the CAC.

27. VDC states that the allegations in Paragraph 27 of the CAC and its associated footnote purport to describe a written document that speaks for itself. To the extent the allegations in Paragraph 27 of the CAC and its associated footnote seek to quote, paraphrase, or characterize that written document, VDC denies the allegations to the extent they are inconsistent with that written document. VDC denies any and all remaining allegations in Paragraph 27 of the CAC and its associated footnote.

28. Denied.

29. VDC states that the allegations in Paragraph 29 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in Paragraph 29 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. VDC denies any and all remaining allegations in Paragraph 29 of the CAC.

30. VDC states that the allegations in Paragraph 30 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in Paragraph 30 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. Without limiting the foregoing denial, VDC expressly denies that the allegations in Paragraph 30 of the CAC accurately depict or represent VDC's platform at all times during the relevant time period. VDC denies any and all remaining allegations in Paragraph 30 of the CAC.

31. VDC states that the allegations in Paragraph 31 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in Paragraph 31 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. Without limiting the foregoing denial, VDC expressly denies that the allegations in Paragraph 31 of the CAC accurately depict or represent VDC's platform at all times during the relevant time period. VDC denies any and all remaining allegations in Paragraph 31 of the CAC.

32. VDC states that the allegations in Paragraph 32 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in Paragraph 32 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. Without limiting the foregoing denial, VDC expressly denies that the allegations in Paragraph 32 of the CAC accurately depict or represent VDC's platform at all times during the relevant time period. VDC denies any and all remaining allegations in Paragraph 32 of the CAC.

33. VDC states that the allegations in the first sentence in Paragraph 33 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in the first sentence in Paragraph 33 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. Without limiting the foregoing denial, VDC expressly denies that the allegations in Paragraph 33 of the CAC accurately depict or represent VDC's platform at all times during the relevant time period. VDC denies any and all remaining allegations in Paragraph 33 of the CAC.

34. Denied.

35. VDC states that the allegations in Paragraph 35 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in Paragraph 35 of the CAC seek to quote,

paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. Without limiting the foregoing denial, VDC expressly denies that the allegations in Paragraph 35 of the CAC accurately depict or represent VDC's platform at all times during the relevant time period. VDC denies any and all remaining allegations in Paragraph 35 of the CAC.

36. VDC states that the allegations in Paragraph 36 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in Paragraph 36 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. Without limiting the foregoing denial, VDC expressly denies that the allegations in Paragraph 36 of the CAC accurately depict or represent VDC's platform at all times during the relevant time period. VDC denies any and all remaining allegations in Paragraph 36 of the CAC.

37. VDC states that the allegations in Paragraph 37 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in Paragraph 37 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. Without limiting the foregoing denial, VDC expressly denies that the allegations in Paragraph 37 of the CAC accurately depict or represent VDC's platform at all times during the relevant time period. VDC denies any and all remaining allegations in Paragraph 37 of the CAC.

38. VDC expressly denies that VDC charges consumers a "resort charge" for every booking. VDC states affirmatively that any resort fee is charged by the hotel and/or resort with which the consumer is booking. Because it is not VDC that charges any "resort charge," VDC lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that the "resort charge" was not optional and therefore denies the same. VDC states that the allegations in the second sentence in Paragraph 38 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in the second sentence in Paragraph 38 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. Without limiting the foregoing denial, VDC expressly denies that the allegations in Paragraph 38 of the CAC accurately depict or represent VDC's platform at all times during the relevant time period. VDC denies any and all remaining allegations in the second sentence in Paragraph 38 of the CAC. VDC denies any and all remaining allegations in Paragraph 38 of the CAC.

39. Denied.

40. VDC states that the allegations in Paragraph 40 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in Paragraph 40 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. Without limiting the foregoing denial, VDC expressly denies that the allegations in Paragraph 40 of the CAC accurately depict or represent VDC's platform at all times during the relevant time period. VDC denies any and all remaining allegations in Paragraph 40 of the CAC.

41. VDC states that the allegations in Paragraph 41 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in Paragraph 41 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. Without limiting the foregoing denial, VDC expressly denies that the allegations in Paragraph 41 of the CAC accurately depict or represent VDC's platform at all times during the relevant time period. VDC denies any and all remaining allegations in Paragraph 41 of the CAC.

42. VDC states that the allegations in Paragraph 42 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in Paragraph 42 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. Without limiting the foregoing denial, VDC expressly denies that the allegations in Paragraph 42 of the CAC accurately depict or represent VDC's platform at all times during the relevant time period. VDC denies any and all remaining allegations in Paragraph 42 of the CAC.

43. VDC states that the allegations in Paragraph 43 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in Paragraph 43 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. Without limiting the foregoing denial, VDC expressly denies that the allegations in Paragraph 43 of the CAC accurately depict or represent VDC's platform at all times during the relevant time period. VDC denies any and all remaining allegations in Paragraph 43 of the CAC.

44. VDC states that the allegations in Paragraph 44 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in Paragraph 44 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with

that web content. Without limiting the foregoing denial, VDC expressly denies that the allegations in Paragraph 44 of the CAC accurately depict or represent VDC's platform at all times during the relevant time period. VDC denies any and all remaining allegations in Paragraph 44 of the CAC.

45. VDC states that the allegations in Paragraph 45 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in Paragraph 45 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. Without limiting the foregoing denial, VDC expressly denies that the allegations in Paragraph 45 of the CAC accurately depict or represent VDC's platform at all times during the relevant time period. VDC denies any and all remaining allegations in Paragraph 45 of the CAC.

46. Denied.

47. VDC states that the allegations in Paragraph 47 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in Paragraph 47 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. Without limiting the foregoing denial, VDC expressly denies that the allegations in Paragraph 47 of the CAC accurately depict or represent VDC's platform at all times during the relevant time period. VDC denies any and all remaining allegations in Paragraph 47 of the CAC.

48. VDC admits the allegations in the first sentence in Paragraph 48 of the CAC. VDC states that the allegations in the second sentence in Paragraph 48 of the CAC purport to describe web content that speaks for itself. To the extent the allegations in the second sentence in Paragraph 48 of the CAC seek to quote, paraphrase, or characterize the web content, VDC denies the allegations to the extent they are inconsistent with that web content. Except as expressly admitted, VDC denies any and all remaining allegations in Paragraph 48 of the CAC.

49. VDC denies the allegations in the first sentence in Paragraph 49 of the CAC to the extent that they suggest that VDC charged Mr. Nixon $182.40, including a $51.02 resort charge. VDC further denies the allegations in the first sentence in Paragraph 49 of the CAC to the extent that they suggest that the taxes and fees and resort charge were not disclosed to Mr. Nixon before he was charged. VDC denies any and all remaining allegations in Paragraph 49 of the CAC.

50. After reasonable investigation, VDC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence in Paragraph 50 of the CAC and they are therefore denied. VDC denies any and all remaining allegations in Paragraph 50 of the CAC.

51. VDC admits only that it non-exclusively makes available for purchase certain Las Vegas hotel rooms, tour tickets, and show tickets. Except as expressly admitted, VDC denies any and all remaining allegations in Paragraph 51 of the CAC.

52. Denied.

53. The allegations in Paragraph 53 of the CAC purport to describe the motives and intentions of third parties. VDC is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 of the CAC and they are therefore denied. VDC denies any and all remaining allegations in Paragraph 53 of the CAC.

54. Denied.

55. VDC states that the allegations in Paragraph 55 of the CAC purport to quote and describe written documents that speak for themselves. To the extent the allegations in Paragraph 55 of the CAC seek to quote, paraphrase, or characterize those written documents, VDC denies the allegations to the extent they are inconsistent with those written documents. VDC denies any and all remaining allegations in Paragraph 55 of the CAC.

56. Denied.

57. VDC admits only that Mr. Nixon purports to bring this action on behalf of himself and others identified in the proposed class definition, which speaks for itself. VDC denies it has engaged in any improper or unlawful conduct and further denies it is engaged in wrongdoing of any kind. VDC denies that Mr. Nixon's claims are appropriate for class treatment and further denies that Mr. Nixon or members of the proposed class are entitled to any relief of any kind. Except as expressly admitted, VDC denies any and all remaining allegations in Paragraph 57 of the CAC.

58. VDC admits only that Mr. Nixon purports to bring this action on behalf of himself and others identified in the proposed class definition, which speaks for itself. VDC denies it has engaged in any improper or unlawful conduct and further denies it is engaged in wrongdoing of any kind. VDC

denies that Mr. Nixon's claims are appropriate for class treatment and further denies that Mr. Nixon or members of the proposed class are entitled to any relief of any kind. Except as expressly admitted, VDC denies any and all remaining allegations in Paragraph 58 of the CAC.

59. VDC admits only that Mr. Nixon purports to exclude certain persons from the proposed class definition, the terms of such exclusions speak for themselves. VDC denies it has engaged in any improper or unlawful conduct and further denies it is engaged in wrongdoing of any kind. VDC denies that Mr. Nixon's claims are appropriate for class treatment and further denies that Mr. Nixon or members of the proposed class are entitled to any relief of any kind. Except as expressly admitted, VDC denies any and all remaining allegations in Paragraph 59 of the CAC.

60. VDC expressly denies that Mr. Nixon's claims are appropriate for class treatment and further denies that Mr. Nixon or members of the proposed class are entitled to any relief of any kind. VDC denies any and all remaining allegations in Paragraph 60 of the CAC.

61. VDC expressly denies that Mr. Nixon's claims are appropriate for class treatment and further denies that Mr. Nixon or members of the proposed class are entitled to any relief of any kind. VDC denies any and all remaining allegations in Paragraph 61 of the CAC.

62. VDC expressly denies that Mr. Nixon's claims are appropriate for class treatment and further denies that Mr. Nixon or members of the proposed class are entitled to any relief of any kind. VDC denies any and all remaining allegations in Paragraph 62 of the CAC.

63. VDC expressly denies that Mr. Nixon's claims are appropriate for class treatment and further denies that Mr. Nixon or members of the proposed class are entitled to any relief of any kind. VDC denies any and all remaining allegations in Paragraph 63 of the CAC.

64. VDC expressly denies that Mr. Nixon's claims are appropriate for class treatment and further denies that Mr. Nixon or members of the proposed class are entitled to any relief of any kind. VDC denies any and all remaining allegations in Paragraph 64 of the CAC.

65. VDC incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

66. VDC states that the allegations in Paragraph 66 of the CAC purport to describe a written document, Business & Professional Code § 17500 *et seq.*, which speaks for itself. To the extent

the allegations in Paragraph 66 of the CAC seek to quote, paraphrase, or characterize that written document, VDC denies the allegations to the extent they are inconsistent with that written document. VDC denies any and all remaining allegations in Paragraph 66 of the CAC.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. VDC incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

72. VDC admits only that Mr. Nixon purports to bring this action on behalf of himself and others identified in the proposed class definition, which speaks for itself. VDC denies it has engaged in any improper or unlawful conduct and further denies it is engaged in wrongdoing of any kind. VDC denies that Mr. Nixon's claims are appropriate for class treatment and further denies that Mr. Nixon or members of the proposed class are entitled to any relief of any kind. Except as expressly admitted, VDC denies any and all remaining allegations in Paragraph 72 of the CAC.

73. VDC states that the allegations in Paragraph 73 of the CAC state a conclusion of law to which no response is required. To the extent a response is required, VDC denies the allegations in Paragraph 73 of the CAC. VDC denies any and all remaining allegations in Paragraph 73 of the CAC.

74. Denied.

75. VDC states that the allegations in Paragraph 75 of the CAC state conclusions of law to which no response is required. To the extent a response is required, VDC denies the allegations in Paragraph 75 of the CAC. VDC denies any and all remaining allegations in Paragraph 75 of the CAC.

76. Denied.

77. Denied.

78. VDC states that the allegations in the first and fourth sentences of Paragraph 78 of the CAC state conclusions of law to which no response is required. VDC denies the allegations in the second and third sentences of Paragraph 78 of the CAC. To the extent a response is required, VDC denies

the allegations in Paragraph 78 of the CAC. VDC denies any and all remaining allegations in Paragraph 78 of the CAC.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. VDC admits only that Mr. Nixon purports, on behalf of himself and the class he purports to define, to seek restitution, restitutionary disgorgement, and any other equitable relief the Court deems proper under Bus. & Prof. Code §§ 17203 and 17204. VDC denies it has engaged in any improper or unlawful conduct and further denies it is engaged in wrongdoing of any kind. VDC further denies that Mr. Nixon or any members of the proposed class are entitled to any relief of any kind. Except as expressly admitted, VDC denies any and all remaining allegations in Paragraph 83 of the CAC.

84. VDC admits only that Mr. Nixon purports to seek attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5. VDC denies it has engaged in any improper or unlawful conduct and further denies it is engaged in wrongdoing of any kind. VDC further denies that Mr. Nixon or any members of the proposed class are entitled to any relief of any kind. Except as expressly admitted, VDC denies any and all remaining allegations in Paragraph 84 of the CAC.

Prayer for Relief: VDC denies that it committed any wrongdoing, denies that it violated any law, denies that Mr. Nixon may maintain this lawsuit as a class action, denies that Mr. Nixon and/or the proposed class suffered any injury or damages, and denies that Mr. Nixon and/or the proposed class are entitled to any relief, damages, or awards of any kind. VDC denies any and all remaining allegations in the CAC's Prayer for Relief.

## GENERAL DENIAL

VDC denies each and every allegation in the CAC not expressly admitted.

## RESERVATION OF RIGHTS

VDC expressly reserves the right to amend or supplement its Answer, in whole or in part, as additional information becomes available.

## AFFIRMATIVE DEFENSES

VDC states the following affirmative defenses to the claims asserted in the CAC by Mr. Nixon and/or the proposed class. By setting forth the following defenses, VDC does not assume the burden of proof on matters and issues other than those on which VDC bears the burden of proof as a matter of law. Nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to the CAC's allegations.

1. The CAC fails to state a claim upon which relief can be granted.
2. The claims of Mr. Nixon and/or the proposed class are barred, in whole or in part, because Mr. Nixon and/or the proposed class sustained no injury or damages as a result of any act or omission by VDC.
3. The claims of Mr. Nixon and/or the proposed class are barred, in whole or in part, because any damages incurred by Mr. Nixon and/or the proposed class did not result from and/or were not proximately caused by any act or omission or any wrongful conduct on the part of VDC.
4. The claims of Mr. Nixon and/or the proposed class are barred, in whole or in part, by the voluntary payment doctrine.
5. The claims of Mr. Nixon and/or the proposed class are barred, in whole or in part, by the doctrine of ratification.
6. The claims of Mr. Nixon and/or the proposed class are barred, in whole or in part, by the doctrines of waiver and estoppel.
7. The claims of Mr. Nixon and/or the proposed class are barred, in whole or in part, by the doctrine of unclean hands.
8. The claims of Mr. Nixon and/or the proposed class are barred, in whole or in part, by the doctrine of laches.
9. The claims of Mr. Nixon and/or the proposed class are barred from recovery, in whole or in part, based upon the failure to mitigate injury and the failure to mitigate damages.
10. The claims of Mr. Nixon and/or the proposed class are barred, in whole or in part, by the doctrine of setoff.
11. The claims of Mr. Nixon and/or the proposed class are barred, in whole or in part, as the relevant

statutes are void for vagueness.

12. The claims of Mr. Nixon and/or the proposed class are barred, in whole or in part, to the extent that he seeks relief for alleged conduct that took place outside of California.

13. The claims of Mr. Nixon and/or the proposed class are barred, in whole or in part, by the Due Process Clause in the U.S. Constitution.

14. The claims of Mr. Nixon and/or the proposed class are barred, in whole or in part, to the extent they failed to satisfy conditions precedent to filing suit.

15. The claims of members of the proposed class are barred, in whole or in part, to the extent they are subject to a valid and enforceable arbitration agreement.

16. This action may not be properly maintained as a class action because (a) there are not questions of law or fact sufficiently common to the proposed class and the claims alleged in the CAC are inherently individualized; (b) the proposed class is not reasonably ascertainable and is otherwise improper; (c) Mr. Nixon and/or the proposed class have not suffered damages as a result of the alleged practices at issue in this case; (d) Mr. Nixon will not fairly and adequately protect the interests of the proposed class; (e) common issues of law and fact, if any, do not predominate over individual issues; (f) Mr. Nixon's claims are not typical of those of the proposed class he seeks to represent; (g) a class action is not superior to other available methods for the fair and efficient adjudication of the controversy; and (h) other requirements of maintaining this action as a class action have not been met.

17. The class allegations in the CAC are barred in that trying Mr. Nixon's claims through a class action or other aggregate proceeding would violate VDC's statutory and constitutional rights to due process and a jury trial, and other constitutional and statutory rights, by (a) allowing for the recovery of damages by class members who do not have valid claims; (b) allowing the class action procedural device to change the substantive law and substantive rights and responsibilities of the parties, and (c) depriving VDC of the right to defend itself with respect to individual claims.

18. To the extent that Mr. Nixon and/or the proposed class seek punitive damages, VDC specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the following decisions and any other

applicable decisions: *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and their progeny, as well as other similar cases under both federal and state law.

19. VDC at this time has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses that govern the claims asserted by Mr. Nixon and/or the proposed class. VDC, therefore, reserves the right to raise additional defenses as they become known and/or as appropriate.

**WHEREFORE**, VDC requests that the CAC be dismissed with prejudice; that the Court enter judgment in favor of VDC; that VDC be awarded its attorneys' fees and costs incurred in defending against Plaintiff's claims; and that VDC be granted such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

VDC hereby demands that this case be tried by a jury.

DATED: March 20, 2026

Respectfully submitted,

CONRAD | METLITZKY | KANE LLP

*/s/ Warren Metlitzky*

Warren Metlitzky (CA Bar No. 220758)
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100

wmetlitzky@conmetkane.com

Timothy B. Hardwicke (*pro hac vice* forthcoming)
Kathryn L. Couey (*pro hac vice* forthcoming)
Glenna E. Siegel (*pro hac vice* forthcoming)
**GOODSMITH GREGG & UNRUH LLP**
150 S. Wacker Drive, Suite 3150
Chicago, IL 60606
Telephone: (312) 322-1981

thardwicke@ggulaw.com
kcouey@ggulaw.com
gsiegel@ggulaw.com

*Attorneys for Defendant Vegas.com, LLC*