IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW NIXON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VEGAS.COM, LLC,<br><br>　　　　　　Defendant. | Case No. 26-cv-02213-CRB<br><br>**ORDER GRANTING MOTION TO REMAND** |

This case is a removal redux—with a twist. In a separate action, Defendant Vegas.com, LLC ("VDC") removed Plaintiff Matthew Nixon's case and sought dismissal of his equitable claims, arguing that the Court lacked equitable jurisdiction. The Court agreed and dismissed those claims. After Nixon refiled his equitable claims (under the Unfair Competition Law ("UCL") and False Advertising Law ("FAL")) in state court, VDC again removed the action and brought it back to this Court. Only now, VDC argues that the Court should keep Nixon's equitable claims and deny Nixon's motion to remand. Because the Court does not have equitable jurisdiction over Nixon's claims and judicial estoppel bars VDC from waiving its equitable jurisdiction defense, the Court **GRANTS** Nixon's motion to remand.[1]

## I.　　LEGAL STANDARD

"[W]hen a case is removed from state court and the district court concludes it lacks equitable jurisdiction, the court has the authority to remand the case to state court." Ruiz v. Bradford Exch., Ltd., 153 F.4th 907, 913 (9th Cir. 2025), cert. denied, No. 25-1125,

---

[1] The Court deems this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b). The Court presumes familiarity with the factual background.

1

2026 WL 1127205 (U.S. Apr. 27, 2026).  However, courts may "remand a removed case to state court for lack of equitable jurisdiction . . . only after the removing defendant is given the opportunity to waive" the equitable jurisdiction defense.  Id. at 909.  Non-statutory grounds for remand, including a lack of equitable jurisdiction, do not fall under the removal statute, 28 U.S.C. § 1447.  Id. at 913–14.

The party seeking removal bears the burden of establishing federal jurisdiction.  See Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009); see also Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 683–85 (9th Cir. 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.").  Courts "apply a presumption against removal and construe any uncertainty as to removability in favor of remand."  Romo v. Teva Pharms. USA, Inc., 731 F.3d 918, 921 (9th Cir. 2013).

## II.    BACKGROUND

Nixon moves to remand, arguing that the Court lacks equitable jurisdiction over his claims because he fails to allege the lack of an adequate legal remedy.  VDC argues that Nixon's motion should be denied for two reasons.  First, VDC asserts that the Court has equitable jurisdiction because Nixon has not demonstrated he has an adequate remedy at law.  Opp'n (dkt. 19) at 2.  Second, VDC attempts to waive the equitable jurisdiction defense it used to defeat Nixon's equitable claims in the prior case.  Id. at 5; see Nixon v. Vegas.com, LLC, No. 25-cv-05688-CRB, 2025 WL 3719885 (N.D. Cal. Dec. 23, 2025) ("Nixon I").  VDC's arguments fail because a plaintiff can selectively plead to avoid equitable jurisdiction and judicial estoppel bars VDC's waiver.

### A.    Equitable Jurisdiction

Nixon argues that the Court does not have equitable jurisdiction over his claims.  Mot. (dkt. 18) at 4.  The Court agrees.

"[T]raditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL . . . in a diversity action."  Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844

2

(9th Cir. 2020) ("Sonner I"). "[A] plaintiff who fails to allege the lack of an adequate remedy at law cannot utilize a federal court's equitable jurisdiction." Ruiz, 153 F.4th at 912. "[P]laintiffs are free to selectively plead claims to avoid federal court jurisdiction . . . [and are] not required to plead all claims available to [them]." Id. at 914.

### 1.    Adequate Remedy at Law

Here, the Court does not have equitable jurisdiction over Nixon's claims because he does not allege that he lacks an adequate remedy at law. See Compl. (dkt. 1-1); Mot. at 4. Ruiz is instructive. In that case, the plaintiff brought UCL and FAL claims in a putative class action and sought remand for lack of equitable jurisdiction, just like Nixon does here. See Ruiz, 153 F.4th at 909; Compl. ¶¶ 65–84. Similarly to Nixon, the Ruiz plaintiff failed "to allege the lack of an adequate remedy at law." See Ruiz, 153 F.4th at 912; see generally Compl.; Mot. at 4. Accordingly, barring a waiver of the equitable jurisdiction defense, Nixon "cannot utilize" the Court's equitable jurisdiction, just as the court held in Ruiz. See Ruiz, 153 F.4th at 912.

Nevertheless, VDC argues that three Ninth Circuit cases establish that the Court has equitable jurisdiction over Nixon's claims. Opp'n at 2–4 (citing Sonner I, 971 F.3d at 844; Sonner v. Premier Nutrition Corp., 49 F.4th 1300, 1303 (9th Cir. 2022) ("Sonner II"); Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1313 (9th Cir. 2022)). VDC reads these cases to mean that, to avoid equitable jurisdiction, Nixon must demonstrate that he has an adequate remedy at law. See Opp'n at 4. But this argument fails because Ruiz held that "[t]he Sonner cases and Guzman . . . yield a few key conclusions," including that "a plaintiff who fails to allege the lack of an adequate remedy at law cannot utilize a federal court's equitable jurisdiction." See Ruiz, 153 F.4th at 912 (emphasis added).[2] Here, as discussed above, Nixon fails to allege the lack of an adequate remedy at law and cannot avail himself of the Court's equitable jurisdiction. See Mot. at 4; Ruiz, 153 F.4th at 912.[3]

---

[2] The remainder of VDC's cases predate Ruiz. See, e.g., Opp'n at 4 (citing Linton v. Axcess Fin. Servs., Inc., No. 23-cv-01832-CRB, 2023 WL 4297568, at *2 (N.D. Cal. June 30, 2023); Baton v. Ledger SAS, No. 21-cv-02470-EMC, 2025 WL 416360, at *12 (N.D. Cal. Feb. 6, 2025)).
[3] VDC's argument also disregards Ruiz's holding that "plaintiffs are free to selectively plead

VDC next argues that the Court has equitable jurisdiction because Nixon seeks injunctive relief. Opp'n at 5. But the plaintiff in Sonner I also requested injunctive relief. See Sonner I, 971 F.3d at 837. And Ruiz clarified that Sonner I stands for the proposition that "a plaintiff who fails to allege the lack of an adequate remedy at law cannot utilize a federal court's equitable jurisdiction." See Ruiz, 153 F.4th at 912. Essentially, it is the allegations in the complaint (or here, the lack of them) that control. As Nixon has not alleged a lack of an adequate remedy at law, he has failed to sufficiently plead entitlement to equitable relief.

### 2. Waiver of Equitable Jurisdiction Defense

A court may not remand solely because a plaintiff fails to establish equitable jurisdiction. Under Ruiz, "a defendant can defeat remand on equitable jurisdiction grounds by waiving the adequate-remedy-at-law issue." Ruiz, 153 F.4th at 912. Here, VDC attempts to waive its equitable jurisdiction defense. See Opp'n at 5. However, judicial estoppel bars VDC from abandoning its prior decision not to waive the equitable jurisdiction defense. See MTD (dkt. 15) at 15, Nixon I, 2025 WL 3719885 (No. 25-cv-05688-CRB); Opp'n at 6.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 783 (9th Cir. 2001). "[J]udicial estoppel applies to a party's stated position, regardless of whether it is an expression of intention, a statement of fact, or a legal assertion." Helfand v. Gerson, 105 F.3d 530, 535 (9th Cir. 1997). Judicial estoppel is "appropriate to bar litigants from making incompatible statements in two different cases." Hamilton, 270 F.3d at 783. Courts also invoke the doctrine "because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to

---

claims to avoid federal court jurisdiction." See Ruiz, 153 F.4th at 914. If Nixon had to demonstrate that he had an adequate remedy at law, he would be unable to "selectively plead" to avoid federal jurisdiction. See id.

4

'protect against a litigant playing fast and loose with the courts.'" Id. at 783 (alteration in original) (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

Courts consider three factors when "determining whether to apply judicial estoppel." Randle v. Crawford, 604 F.3d 1047, 1053 (9th Cir. 2010). First, courts evaluate "whether a party's position in the later judicial proceeding is clearly inconsistent with that party's earlier position." Id. Second, courts consider "whether the party persuaded the first court to accept the earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that one of the two courts was misled." Id. Third, courts determine "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 1053–54. All three factors are met here.

First, VDC's attempt to waive the equitable jurisdiction defense is "clearly inconsistent" with its "earlier position" in Nixon I. See Randle, 604 F.3d at 1053. In Nixon I, VDC made a "decision not to waive" its equitable jurisdiction defense. See Opp'n at 6; Nixon I MTD at 15. But now, VDC is trying to waive that defense against the same equitable claims it faced in Nixon I to keep those claims in federal court. See Opp'n at 5; cf. Iglesias v. Welch Foods Inc., No. 17-cv-00219-TEH, 2017 WL 1227393, at *2 (N.D. Cal. Apr. 4, 2017) ("clearly inconsistent" position when a defendant previously moved to dismiss a case from federal court for lack of Article III standing and later attempted to remove the plaintiff's refiled state court case). VDC argues that the lack of a Consumers Legal Remedies Act ("CLRA") claim this time around makes its contradictory positions consistent. That argument is unavailing because in both cases the Court's lack of equitable jurisdiction turns on the plaintiffs' failure to allege the lack of an adequate legal remedy, rather than the specific claims before the Court. See Ruiz, 153 F.4th at 912. In fact, this was VDC's prior position. See Nixon I MTD at 15–16 ("Plaintiffs' claims for equitable relief . . . should be dismissed for failure to allege that Plaintiffs lack an adequate remedy at law." (emphasis added)).

Second, VDC "persuaded" the Court "to accept the earlier position" that its

United States District Court
Northern District of California

equitable jurisdiction defense should prevail.  See Randle, 604 F.3d at 1053; Nixon I MTD at 15.  The Court adopted VDC's position that it lacked equitable jurisdiction over Plaintiffs' claims because they had failed "to allege they lack an adequate remedy at law."  Order (dkt. 39) at 22, Nixon I, 2025 WL 3719885 (No. 25-cv-05688-CRB); cf. Nixon I MTD at 16 ("[A] plaintiff must plead that she lacks adequate remedies at law if she seeks equitable relief." (emphasis in original) (citation modified)).  Relying on VDC's representations, the Court dismissed the equitable claims in Nixon I.  Nixon I Order at 22.  Permitting VDC to waive its equitable jurisdiction defense so the Court may hear the same claims it previously dismissed "would create the perception" that VDC "misled" the Court.  See Randle, 604 F.3d at 1053.

Third, VDC would "derive an unfair advantage" and "impose an unfair detriment on" Nixon "if not estopped."  See Randle, 604 F.3d at 1054.  By successfully deploying its equitable jurisdiction defense, VDC delayed Nixon in pursuing his equitable claims and forced him to spend additional time and resources just to wind up back before the Court.  See Mot. at 6.  Such litigation tactics interfere with "the orderly administration of justice."  See Hamilton, 270 F.3d at 783 (internal quotation marks omitted).  Accordingly, judicial estoppel bars VDC from abandoning its prior use of the equitable jurisdiction defense.

VDC cites Ruiz to argue that it should not be estopped from waiving its defense because the complaint here is materially different from the complaint in Nixon I.  Opp'n at 6.  That argument fails for three reasons.  First, Ruiz is inapposite because it did not concern judicial estoppel.  See Ruiz, 153 F.4th at 909.  Second, unlike the defendant in Ruiz, VDC had a prior opportunity to waive its equitable jurisdiction defense and chose not to.  See Nixon I MTD at 15; Ruiz, 153 F.4th at 909.  Third, courts routinely apply judicial estoppel in later proceedings with materially different claims.  See, e.g., Finn v. Sullivan, 228 F. Supp. 3d 972, 974 (N.D. Cal. 2017) (estopping defendant in breach-of-fiduciary-duty litigation from claiming ownership of a winery after disclaiming ownership in prior divorce proceedings).

Consequently, judicial estoppel bars VDC from abandoning its use of the equitable

jurisdiction defense.

**B.     Remand**

Because VDC may not waive the equitable jurisdiction defense and Nixon fails to allege that he lacks an adequate remedy at law, this Court lacks equitable jurisdiction over Nixon's equitable claims.  See Ruiz, 153 F.4th at 912.  Therefore, the Court may "remand [this] removed case to state court for lack of equitable jurisdiction."  See id. at 915.

Applying the "presumption against removal and constru[ing] any uncertainty as to removability in favor of remand," the Court remands the case to state court.  See Romo, 731 F.3d at 921.

**III.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Nixon's motion to remand.

**IT IS SO ORDERED.**

Dated: May 26, 2026

_____
CHARLES R. BREYER
United States District Judge